AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>AVON EDWARDS<br><br>*Defendant(s)* | )<br>)<br>) Case No. 17-6438-SNOW<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __December 4, 2017__ in the county of __Broward__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 31, United States Code, Section 5316 | The defendant, AVON EDWARDS, did knowingly and willfully fail to file an accurate report as prescribed by the Secretary of the Treasury to be filed, that is, a FINCEN Form 105 (Report of International Transportation of Currency or Monetary Instruments), when the defendant transported, and was about to transport, monetary instruments of more than $10,000 in United States currency at one time, that is, approximately $32,315 in Untied STates currency, to a place in the United States from and through a place outside the United States |

This criminal complaint is based on these facts:
SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

*Complainant's signature*

Jacque Philippe, Special Agent, HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 12/5/17

*Judge's signature*

City and state: Ft. Lauderdale, Florida

Lurana S. Snow, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, Jacque Philippe, being duly sworn, depose and state as follows:

1. I am a Special Agent of the United States Department of Homeland Security, Homeland Security Investigations (HSI) and have been so employed for over seven years. I am currently assigned to the Ft. Lauderdale Airport Transportation Conspiracy Unit, Ft. Lauderdale, Florida. As a Special Agent with HSI, my duties and responsibilities include enforcing criminal and administrative immigration laws of the United States.

2. The statements contained in this affidavit are based upon my own personal knowledge, as well as information provided to me by other law enforcement officers and employees of Immigration and Customs Enforcement (ICE). I have not included in this Affidavit each and every fact and circumstance known to me, but only the facts and circumstances that I believe are sufficient to establish probable cause in support of a criminal complaint.

3. On December 4, 2017, at approximately 5:56 p.m., AVON EDWARDS arrived at Ft. Lauderdale/Hollywood International on board Spirit Airlines flight number 270. EDWARDS was traveling with a female companion, "C.G.-D." EDWARDS is a lawful permanent resident and proceeded to the immigration line for permanent residents. C.G.-D was entering the United States as a B1/B2 visitor and went to the immigration line for visitors.

4. C.G.-D. was referred to secondary inspection for further examination. In secondary, she was asked if she was carrying over $10,000 in cash. She completed the FINCEN Form 105 and stated that she was carrying over $10,000 in United States currency. CBP officers conducted a search of her luggage and found United States currency in two separate envelopes

1

totaling $14,430.  C.G.-D. stated that her friend, AVON EDWARDS, gave her $10,000 to transport for him.  She stated that EDWARDS was also on the flight with her.

5. Customs and Border Protection (CBP) agents then went to look for EDWARDS and found him outside of the airport.  CBP escorted EDWARDS to a private search area and discovered EDWARDS had a total of $22,315 in United States currency on his person.  EDWARDS stated to CBP Officers that he was used to answering "no" to all the questions on the CBP form, including are you carrying more than $10,000 in United States currency.  He could not explain where the money came from.  CBP Officers then contacted HSI.

6. HSI Special Agent J. Philippe and BSO Detective R. Rivera responded to Ft. Lauderdale International Airport.  Special Agent J. Philippe advised EDWARDS of his Miranda rights and EDWARD waived his rights verbally and in writing.  EDWARDS stated he asked C.G.-D to transport $10,000 for him because the money would be too bulky to carry in his pockets.  EDWARDS stated C.G.-D. was supposed to give him back the money once she made it past CBP.  EDWARDS stated he is familiar with the reporting requirements and he did not declare the money.  EDWARDS stated he did not declare the money because he would be stopped and asked many questions.  EDWARDS stated he knew he was breaking the law.  EDWARDS stated he was going to deposit the money into his Bank of America bank account as split deposits so it did not raise any questions.  EDWARDS stated this was the first time he has entered in the United States with over $10,000.  EDWARDS also gave a written statement where he admitted to knowingly failing to declare over $10,000 in currency.

2

WHEREFORE, based on the foregoing, your Affiant submits that there is probable cause to believe that on or about December 4, 2017, AVON EDWARDS, did knowingly and willfully fail to file an accurate report as prescribed by the Secretary of the Treasury to be filed, that is, a FINCEN Form 105 (Report of International Transportation of Currency or Monetary Instruments), when the defendant transported, and was about to transport, monetary instruments of more than ten thousand dollars ($10,000) at one time, that is, approximately thirty-two thousand three hundred and fifteen dollars ($32,315) in United States currency, to a place in the United States from and through a place outside the United States, in violation of Title 31, United States Code, Section 5316.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Jacque Philippe
Special Agent
Homeland Security Investigations

Sworn to and subscribed before me
this 5 day of December, 2017.

_____
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

3